## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KOREA RESOLUTION & COLLECTION CORPORATION, a Korean corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FADIAN DEVELOPMENT, INC., a for-profit Guam corporation; B&K DEVELOPMENT, LLC, a Delaware Corporation; MYUNG MOK BAE, an individual also known as MYEONG MOK BAE; KEIZAI RYU BAE, and individual; and DOES 1-50, inclusive, <br><br> Defendants. | CIVIL CASE NO. CV0375-18 <br><br><br> DECISION AND ORDER |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Fadian Development, Inc.'s ("Fadian") Motion to Dismiss Complaint ("Motion to Dismiss"). Attorney Anthony C. Perez represents Fadian, Attorney Delia S. Lujan Wolff represents Defendants Myung Mok Bae and Kei Za Ryu Bae, and Attorney Geri E. Diaz represents Plaintiff Korea Resolution & Collection Corporation ("Plaintiff"). Defendant B&K Development, LLC ("B&K") represents itself, *pro se*.[1] Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

---

[1] At the time of the filing of the pleadings relative to this Motion to Dismiss, B&K was represented by Attorney Georgette Bello Concepcion. On September 12, 2019, the Court received notice that B&K discharged Brooks Concepcion Law, P.C. as its attorney in this matter. *See* Discharge of Counsel, Sep. 20, 2019. No substitution of counsel has since been received by the Court.

*Korea Resolution & Collection Corp. v. Fadian Development, Inc., et al.*
Case No. CV0375-18
Decision and Order

## BACKGROUND

Plaintiff is a wholly owned subsidiary of the Korea Deposit Insurance Corporation ("KDIC"), which is the counterpart to the U.S. Federal Deposit Insurance Corporation in the Republic of Korea. (Compl. ¶ 1, Apr. 11, 2018). KDIC was appointed as trustee for the bankrupt Gyeongnam Merchant Bank, Co., Ltd., and succeeded in all rights and obligations of the creditor. *Id.* at ¶ 3. On or about June 11, 2004, KDIC, as the bankruptcy trustee for the Bankrupt Gyeongnam Merchant Bank, Co., Ltd., assigned its claim to Plaintiff. *Id.* On or about October 24, 2013, a Korean Judgment was made by the Seoul Central District in favor of Plaintiff and against Defendant Myung Mok Bae where he was ordered to pay Plaintiff the amount of 840,776,748 Korean Won, with interest accrued at the rate of 21% per year ("the Korean Judgment"). *Id.* at ¶ 15. The Korean Judgment is based on a loan agreement entered into on or about October 27, 1993 by Jangbok Construction, Co., Ltd., with Defendant Myung Mok Bae standing in joint surety for the loan agreement. *Id.* at ¶ 18. According to the Complaint, Plaintiff has been unable to collect on the Korean Judgment because Defendant Myung Mok Bae and his family left the Republic of Korea and moved to Guam. *Id.* at ¶ 19.

On April 11, 2018, Plaintiff filed this action, alleging three causes of action: (1) Recognition of Foreign-Country Judgment per 7 G.C.A. §§ 52101-52111; (2) Fraudulent Transfer in Violation of 6 G.C.A. § 6101 against all defendants; and (3) Constructive Fraudulent Transfer in Violation of 6 G.C.A. § 6103 against all defendants.[2] *See* Compl. ¶¶ 5-50.

On May 2, 2019, Fadian filed the instant Motion to Dismiss. Defendants Myung Mok Bae and Kei Za Ryu Bae and B&K have joined Fadian's Motion to Dismiss. *See* Joinder in Defendant Fadian Development, Inc.'s Mot. Dismiss, May 3, 2019 and Defendant B&K Development, LLC's Joinder in Defendant Fadian Development, Inc.'s Mot. Dismiss, May 9, 2019. On June 3, 2019, Plaintiff filed its Opposition. On June 17, 2019, Fadian filed its Reply.

//

//

---

[2] Plaintiff acknowledges in its Opposition to the instant Motion to Dismiss that the citation to 6 G.C.A. §§ 6101 and 6103 is a clerical error and should reflect 20 G.C.A. §§ 6101 and 6103 instead. *See* Opp'n at 4, fn. 2.

---

# DISCUSSION

Fadian moves the Court to dismiss this matter for failure to plead fraud with sufficient particularity and for failure to state a claim upon which relief can be granted. *See generally*, Mot. Dismiss, May 2, 2019.

## I. GRCP 12(b)(6) Legal Standard

When considering a Rule 12(b)(6) dismissal, failure to state a claim upon which relief can be granted, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

## II. GRCP 9(b) Legal Standard

"Fraud claims are special matters that are subject to a heightened pleading standard." *Ukau v. Wang*, 2016 Guam 26 ¶ 35. Guam Rules of Civil Procedure ("GRCP") 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." Guam R. Civ. P. 9(b). "When reviewing a Rule 12(b)(6) dismissal for failure to plead a fraud claim pursuant to Rule 9(b), [the court] must determine . . .whether the complaint

pleaded facts with sufficient particularity." *Ukau*, 2016 Guam 26 at ¶ 35 (citation omitted). Fraudulent transfers are defined in 20 G.C.A. §§ 6101 and 6103. "These two statutes create two scenarios in which a creditor may avoid a fraudulent transfer, an intentional fraudulent transfer and a constructive fraudulent transfer." *Id.* at ¶ 38. In *Ukau*, the Supreme Court of Guam held that:

> [A]n action for fraudulent transfer under section 6101 meets the elements of general 'fraud.' An action for fraudulent transfer under section 6103, however, does not. The presumption of fraud under section 6103 is inapposite to a general action for fraud. Therefore, the heightened standard provided by Rule 9(b), applicable only to 'fraud claims,' is not appropriate for an action for fraudulent transfer under 20 GCA § 6103.

*Id.* at ¶ 41.

"Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (citations omitted).

## III. Second Cause of Action – Fraudulent Transfer

Plaintiff's Second Cause of Action alleges a fraudulent transfer in violation of 20 G.C.A. § 6101. Because a fraudulent transfer claim under section 6101 implicates Rule 9(b) as a claim for "fraud," the Court must review whether Plaintiff pleaded its claim with sufficient particularity pursuant to Rule 9(b). *Ukau*, 2016 Guam 26 ¶ 43. The Court must first determine whether Plaintiff stated the circumstances surrounding the fraud with particularity, then determine whether Plaintiff averred Defendants' intent to defraud generally. *Id.*

Plaintiff's Complaint states the following regarding the circumstances surrounding the fraud:

> 28. Defendant Myung Mok Bae knew that Jangbok Construction, Co., Ltd., had defaulted on the Loan and as a result, that Plaintiff would attempt to collect the monies owed from Defendant Myung Mok Bae, as joint surety of the Loan.

> 29. Upon information and belief, Defendants knew that Plaintiff would attempt to collect the monies owed to Plaintiff from Defendant Myung Mok Bae.

30. Upon information and belief, through a series of transactions occurring on or before October 2013, Defendant Myung Mok Bae transferred over $1,000,000 U.S. dollars into Defendant Fadian Development, Inc.

31. Upon information and belief, through a series of transactions occurring on or before October 2013, Defendant Myung Mok Bae transferred a majority of his Fadian shares to Defendant Keizai Ryu Bae.

32. Upon information and belief, on or about March 2016, Fadian, through Defendant Myung Mok Bae, transferred all of Fadian's assets to B&K. This transfer included thirty-three (33) parcels of real property from Fadian to B&K.

(Compl. ¶¶ 28-32).

Plaintiff's Complaint states the following regarding Defendants' alleged intent to defraud:

33. Upon information and belief, Defendants voluntarily and willfully conspired to transfer the assets so that they would not be available to satisfy the Korean Judgment.

34. Upon information and belief, Defendants knew or at the very least had reasonable cause to believe that such transfers were made to defraud Plaintiff and/or to obstruct the enforcement of Plaintiff's rights to take the assets in execution of the Korean Judgment.

35. Upon information and belief, the above transactions were made without valuable consideration.

36. Upon information and belief, Defendants conspired and carried out the transfers with the actual intent to hinder, delay, and defraud Plaintiff by making Plaintiff's collection efforts more difficult. . . .

(Compl. ¶¶ 33-36).

Fadian first argues that Plaintiff has failed to plead the fraud claim with particularity because Plaintiff has made a "majority of its claims based 'upon information and belief.'" (Mot. Dismiss at 4-5).

"Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage." *Ukau*, 2016 Guam 26 ¶ 47 (citing *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 16). "Rather, what is required is that a plaintiff set forth his claim as to what particular fraudulent action is being alleged." *Id.* "This standard has been described as a 'who, what, when, where, and how'

requirement." *Id.* "[A]llegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9(b)." *Taitano*, 2008 Guam 12 ¶ 15 (citing *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987), *overruled on other grounds as stated in Flood v. Miller*, 35 Fd.Appx. 701, 703 n.3 (9th Cir. 2002)). "Where relevant facts are known only to the defendant, however, the pleading requirement is relaxed somewhat. But even where allegations concern facts peculiarly within defendant's knowledge, the plaintiffs must still state a factual basis for their belief." *Taitano*, 2008 Guam 12 ¶ 15 (internal citations and quotation marks omitted). "[M]ere conclusory allegations of fraud are insufficient." *Wool*, 818 F.2d at 1439. "Allegations of fraud based on information and belief may suffice as to matters peculiarly within the opposing party's knowledge, so long as the allegations are accompanied by a statement of facts upon which the belief is founded." *Puri v. Khalsa*, 674 Fed.Appx 679 (9th Cir. 2017) (citing *Wool*, 818 F.2d at 1439). The Court finds that Complaint's allegations concerning the fraudulent transfers are conclusory and lack particularized detail. The Complaint contains numerous statements "upon information and belief," but such statements are not accompanied by facts upon which the belief is founded. Accordingly, the Court GRANTS Fadian's Motion to Dismiss as to the Second Cause of Action. The Court, will, however, give Plaintiff the opportunity to amend its' Complaint, as requested. *See* Opp'n at 9; Guam R. Civ. P. 15(a). *See also Vess*, 317 F.3d at 1108 ("Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.").

**IV. Third Cause of Action – Constructive Fraudulent Transfer**

Plaintiff's Third Cause of Action alleges constructive fraudulent transfer in violation of 20 G.C.A. § 6103. As a fraudulent transfer claim under section 6103 does not implicate Rule 9(b)'s heightened pleading requirement, the Court must review whether Plaintiff pleaded its claim under the general notice pleading standard pursuant to Rule 8(a). *Ukau*, 2016 Guam 26 ¶ 44. "Guam law requires only a short and plain statement of the claim showing entitlement to relief." *Id.* at ¶ 52 (citing Guam R. Civ. P. 8(a)).

"Although it is necessary that it be affirmatively shown by sufficient evidence that the transfer was made by the transferor with the intent to delay or defraud his creditors or other

persons owning and holding demands against him to set aside a conveyance under 20 GCA § 6101; such a showing is immaterial if the conveyance is set aside pursuant to 20 GCA 6103." *Town House Dept. Stores, Inc. v. Ahn*, 2000 Guam 32 ¶ 25 (citation omitted). Under section 6103, "where a grantor was insolvent or in contemplation of insolvency at the time of conveyance and the absence of valuable consideration is shown then a presumption that the conveyance was fraudulent as against creditors of the grantor arises." *Id.* Therefore, to properly plead a cause of action for constructive fraudulent transfer, Plaintiff must allege that the transfers of property were made while insolvent or in anticipation of insolvency. *See id.*, 20 G.C.A. § 6103. "A person is insolvent who either has ceased to pay his debts in the ordinary course of business or cannot pay his debts as they become due." *Town House Dep't Stores, Inc.*, 2000 Guam 32 ¶ 26 (citation omitted).

Here, Fadian argues that "Plaintiff did not allege that the transfers of property were made while Defendants were insolvent or in anticipation of insolvency," but that "Defendants are now essentially insolvent as a result of these actions and transfers." (Mot. Dismiss at 11). The Complaint alleges three transfers of property: (1) the transfer of $1,000,000.00 to Fadian on or before October 2013; (2) the transfer of a majority of Defendant Myung Mok Bae's Fadian shares to Defendant Keizai Ryu Bae on or before October 2013; and (3) the transfer of thirty-three (33) parcels of real property from Fadian to B&K on or around March 2016. (Compl. ¶¶ 30-32). The Complaint further alleges that the transactions were made without valuable consideration. *Id.* at ¶¶ 35, 42, 47. Lastly, the Complaint alleges that "[a]s a result of the actions and transfers described herein, Defendants' assets are significantly diminished below the amount owed to Plaintiff. Had Defendants not taken such actions and transferred such assets, Defendants' assets may have been sufficient to cover Defendants' obligations to Plaintiff. Upon information and belief, *Defendants are now essentially insolvent as a result of these actions and transfers.*" *Id.* at ¶ 44 (emphasis added).

Plaintiff moves the Court to "focus on the fact that once these transfers were made, Defendants became insolvent," and that such fact shows that Defendants were "in contemplation of insolvency at the time of conveyance." (Opp'n at 8-9). In Reply, Fadian

argues that "the Complaint alleges that the Defendants are **now** essentially insolvent. 'Now' would be the date of filing of the Complaint on April 11, 2018, and 'now' does not signify the date that the transfers were made in 2013 and 2016." (Reply at 5, Jun. 17, 2019) (emphasis in original). The Court declines to focus solely on the word "now," and finds that the Complaint sufficiently states a cause of action as it also alleges that Defendants' assets are diminished as a result of the fraudulent actions and transfers. "Where the transfer renders one insolvent his insolvency is contemplated by the very act of making the transfer." *Benson v. Harriman*, 204 P. 255, 256 (Cal. Ct. App. 1921) (citation omitted).[3] Therefore, the Court will not dismiss the Third Cause of Action – Constructive Fraudulent Transfer on this ground.

Lastly, Fadian argues that Plaintiff "failed to timely file this Complaint in accordance with the applicable statute of limitations." (Mot. at 12). Title 7 G.C.A. Chapter 11 provides the periods prescribed for the commencement of actions other than for the recovery of real property. Under 7 G.C.A § 11305(d), an action for relief on the ground of fraud or mistake must commence within three years, however, "[t]he cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Fadian argues that "[s]ince the third cause of action is not an action in fraud pursuant to *Ukau*, there is no tolling of the statute of limitations to bring this cause of action." *Id.* at 12. Fadian argues that the statute of limitations began running upon the happening of the event in question, i.e., the constructive fraudulent transfer of monies and share occurring on or before October 2013, and thus expired in October 2017, as the statute of limitations for an action for relief not otherwise provided for must be commenced within four (4) years after the cause of action shall have accrued pursuant to 7 G.C.A. § 11312. *See* Mot. at 12; 7 G.C.A. § 11312. Plaintiff does not address or respond to this argument as a basis for dismissal in its Opposition.

---

[3] Title 20 GCA §§ 6101 and 6103 "were derived from former Sections 3439 and 3442 of the California Civil Code, respectively. Thus, California precedent, while not controlling, is helpful in the application of these statutes." *Town House Dept. Stores, Inc.*, 2000 Guam 32 ¶ 15.

In *Ukau*, the Supreme Court held that an action for fraudulent transfer under section 6103 does not meet the elements of general fraud, noting that the "presumption of fraud under section 6103 is inapposite to a general action for fraud." 2016 Guam 26 ¶ 41. A fraudulent transfer claim under section 6103 therefore does not implicate Rule 9(b)'s heightened pleading requirement. *Id.* at ¶ 44. Clearly, constructive fraud differs from actual fraud in that no fraudulent intent is required. The Court, however, does not equate such difference in intent with a finding that an action for constructive fraudulent transfer is not fraud. Therefore, the Court finds that the matter was filed within the statute of limitations, and will not dismiss the third cause of action on that ground.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART Fadian's Motion to Dismiss Complaint. Plaintiff's Amended Complaint shall be filed by _____**NOV 0 7 2019**_____.

**IT IS SO ORDERED** this 10th day of October, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
foregoing thereto was placed in the
court box of:
A. Perez, D. Lujan
G. Diaz
Date: 10/10/19 Time: 2r
_____
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
foregoing thereto was placed in the
court box of:
_____
_____
Date: _____ Time: _____
_____
Deputy Clerk, Superior Court of Guam

*Korea Resolution & Collection Corp. v. Fadian Development, Inc., et al.*
Case No. CV0375-18
Decision and Order